# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION



| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | CASE NO. H-13-**3 CR 3 3 8** |
| | § | |
| **GERARDO GARCIA,** | § | |
|     aka Gera; | § | |
| **REFUGIO IBARRA,** | § | **UNDER SEAL** |
|     aka Cuco; | § | |
| **SALVADOR IZAGUIRRE,** | § | |
| **DELFINO MALDONADO,** | § | |
| **CHRISTOPHER MEJIA,** | § | |
| **ALEXANDER REYES,** | § | |
|     aka Peanut; | § | |
| **EDMUNDO REYES,** | § | |
|     aka Mundo, | § | |
|     aka Bossman; | § | |
| **JEREMY PERKINS;** | § | |
|     defendants. | § | |

United States District Court
Southern District of Texas
FILED

JUN 5 2013

David J. Bradley, Clerk of Court

## INDICTMENT

**THE GRAND JURY CHARGES THAT:**

### COUNT ONE

#### Conspiracy to Possess with the Intent to Distribute a Controlled Substance

From  in or around February 2009, and continuing to on or about the date of this

indictment, in Southern District of Texas,

> **GERARDO GARCIA,**
> aka Gera;
> **REFUGIO IBARRA,**
> aka Cuco;
> **SALVADOR IZAGUIRRE,**
> **DELFINO MALDONADO,**
> **CHRISTOPHER MEJIA,**
> **ALEXANDER REYES,**
> aka Peanut;
> **EDMUNDO REYES,**

**aka Mundo,**
**aka Bossman;**
**JEREMY PERKINS;**

defendants herein, did knowingly and intentionally combine, conspire, confederate and agree together and with each other, and with other persons known and unknown to the Grand Jury, to possess with the intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(A)(viii).

## COUNT TWO

### Aiding and Abetting Possession with Intent to Distribute a Controlled Substance

On or about November 8, 2011, in the Southern District of Texas,

**GERARDO GARCIA,**
**aka Gera;**
**EDMUNDO REYES,**
**aka Mundo,**
**aka Bossman;**

aiding, abetting, and assisting one another and others known and unknown to the Grand Jury, did knowingly and intentionally possess with the intent to distribute 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(viii) and Title 18, United States Code, Section 2.

## COUNT THREE

### Aiding and Abetting Possession with Intent to Distribute a Controlled Substance

On or about November 2, 2011, in the Southern District of Texas,

**REFUGIO IBARRA,**
**aka Cuco;**
**DELFINO MALDONADO,**
**EDMUNDO REYES,**
**aka Mundo,**
**aka Bossman**

aiding, abetting, and assisting one another and others known and unknown to the Grand Jury, did knowingly and intentionally possess with the intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii) and Title 18, United States Code, Section 2.

## COUNT FOUR

### Aiding and Abetting Possession with Intent to Distribute a Controlled Substance

On or about October 21, 2011, in the Southern District of Texas,

**GERARDO GARCIA,**
**aka Gera;**
**EDMUNDO REYES,**
**aka Mundo,**
**aka Bossman;**
**JEREMY PERKINS;**

aiding, abetting, and assisting one another and others known and unknown to the Grand Jury, did knowingly and intentionally possess with the intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II narcotic controlled

substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii) and Title 18, United States Code, Section 2.

## COUNT FIVE

### Aiding and Abetting Possession with Intent to Distribute a Controlled Substance

On or about September 21, 2011, in the Southern District of Texas,

**SALVADOR IZAGUIRRE,**
**EDMUNDO REYES,**
**aka Mundo,**
**aka Bossman;**

aiding, abetting, and assisting one another and others known and unknown to the Grand Jury, did knowingly and intentionally possess with the intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii) and Title 18, United States Code, Section 2.

## COUNT SIX

### Aiding and Abetting Possession with Intent to Distribute a Controlled Substance

On or about September 19, 2011, in the Southern District of Texas,

**CHRISTOPHER MEJIA,**
**EDMUNDO REYES,**
**aka Mundo,**
**aka Bossman;**

aiding, abetting, and assisting one another and others known and unknown to the Grand Jury, did knowingly and intentionally possess with the intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II narcotic controlled

substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii) and Title 18, United States Code, Section 2.

## COUNT SEVEN

### Aiding and Abetting Possession with Intent to Distribute a Controlled Substance

On or about September 11, 2009, in the Southern District of Texas,

**ALEXANDER REYES,**
**aka Peanut;**

aiding, abetting, and assisting others known and unknown to the Grand Jury, did knowingly and intentionally possess with the intent to distribute 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(viii) and Title 18, United States Code, Section 2.

## NOTICE OF CRIMINAL FORFEITURE
### (21 U.S.C. § 853)

Pursuant to Title 21, United States Code, Section 853, as a result of the commission of a violation of Title 21, United States Code, Section 846 or 841, notice is given to defendants,

**GERARDO GARCIA,**
**aka Gera;**
**REFUGIO IBARRA,**
**aka Cuco;**
**SALVADOR IZAGUIRRE,**
**DELFINO MALDONADO,**
**CHRISTOPHER MEJIA,**
**ALEXANDER REYES,**
**aka Peanut;**
**EDMUNDO REYES,**
**aka Mundo,**

**aka Bossman;**
**JEREMY PERKINS;**

that in the event of conviction, the following property, whether real or personal, is subject to forfeiture to the United States:

1.  all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such offenses; and

2.  all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

<u>Property Subject to Forfeiture</u>

The property subject to forfeiture includes, but is not limited to, the following property:

1.  All property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of an offense charged in the Indictment.

2.  At least $5,000,000 in United States currency.

3.  The real property, improvements and appurtenances, located at 20923 Normandy Forest Drive, in Spring, Texas and legally described as:

    Lot Twenty-six (26), in Block Two (2), of NORMANDY FOREST, SECTION SIX (6), a subdivision in Harris County, Texas, according to the map or plat thereof recorded under Film Code No. 515139 of the Map Records of Harris County, Texas.

4.  Two tracts of land located on Hampton Oaks Drive, in Spring, Texas and legally described as:

    Tract One:
    A tract of land containing a 0.7168 acre and generally known as Lot 4 of HAMPTON OAKS SECTION 1, an unrecorded subdivision in the James McGee Survey, A-544, in Harris County, Texas, and being part of the 10.600 acre tract conveyed to G. David Shaw Co. and recorded under County Clerk's File No. H557143 of the Real Property Records of Harris County, Texas; said 0.7168 acre being more particularly described by metes and bounds.

    Tract Two:
    A tract of land containing a 0.7603 acre and generally known as Lot 5 of HAMPTON OAKS SECTION 1, an unrecorded subdivision in the James McGee Survey, A-544, in Harris County, Texas, and being part

of the 10.600 acre tract conveyed to G. David Shaw Co. and recorded under County Clerk's File No. H557143 of the Real Property Records of Harris County, Texas; said 0.7603 acre being more particularly described by metes and bounds.

5.    The real property, improvements and appurtenances, located at 5810 Ridgedale Drive, in Houston, Texas and legally described as:

Lots 234, 235, and 236 of KENWOOD PLACE EXTENSION, an Addition in Harris County Texas, according to the map or plat thereof, as recorded in Volume 998, at Page 596, of the Deed records of Harris County, Texas.

6.    The real property, improvements and appurtenances, located at 5801 Lauder Road, in Houston, Texas and legally described as:

Lots 315, 316, and 317 KENWOOD PLACE EXTENSION, an Addition in Harris County Texas, according to the map of plat thereof, as recorded in Volume 998, at Page 596, of the Deed records of Harris County, Texas.

7.    The real property, improvements and appurtenances, located at 703 Maranon Lane, in Houston, Texas and legally described as:

Lot Seventy (70), Block Three (3), of WESTADOR, SECTION SIX (6), a subdivision in Harris County, Texas, according to the map or plat thereof, recorded in Volume 224, Page 118 of the Map Records of Harris County, Texas.

8.    All property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of an offense charged in the Indictment.

<u>Money Judgment</u>

Defendants are notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture, for which the defendants may be jointly and severally liable.

Substitute Assets

Defendants are notified that in the event that property subject to forfeiture, as a result of any act or omission of a defendant,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

the United States will seek to forfeit any other property of the defendants up to the total value of the property subject to forfeiture, pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL:

ORIGINAL SIGNATURE ON FILE

FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
United States Attorney
Southern District of Texas

by:

Mark E. Donnelly
Assistant United States Attorney

Timothy S. Braley
Assistant United States Attorney

8